DECISION.
{¶ 1} Aspiring adoptive parents Donald and Andrea Potts appeal the trial court's ruling that putative father and appellee Kevin Williams's consent was required before Alice Marie Potts could be adopted. We agree that Williams's consent was necessary, and we affirm.
 {¶ 2} Alice was born on July 12, 2007, and three days later, without Williams's consent, the natural mother, Colleen Gifford, surrendered Alice to Adoption Professionals LLC. Adoption Professionals placed Alice with the Pottses, where she has been since then. They have petitioned to adopt Alice.
 {¶ 3} Within 30 days of Alice's birth, Williams registered as a putative father under R.C. 3107.062. Paternity tests revealed that Alice is Williams's daughter. The trial court ruled that, because he was the putative father, Williams's consent to the adoption was necessary. The question on appeal and the only question that we answer is whether Williams's consent was necessary to the adoption.
 {¶ 4} The Pottses argue that Williams "abandoned" Colleen and Alice, and thus his consent was unnecessary. Under R.C. 3107.07(B), the consent of a putative father is not necessary when that putative father has willfully abandoned the mother of the child during the pregnancy. But throughout the pregnancy, Williams offered to support Alice and Colleen in providing health insurance for, and in parenting, Alice. Williams's offers of support were met with Colleen's assurances that the child was not his and that she did not want his support. Colleen even threatened to seek a protective order against Williams. For four months before Alice's birth, Williams did not contact Colleen, but he resumed contact shortly after Alice was born. *Page 3 
 {¶ 5} Ohio courts have held that a putative father does not willfully abandon the mother when he offers assistance and support to the mother during the pregnancy, but the mother continually discourages such offers of assistance or support.[1]
 {¶ 6} In the trial court, a magistrate found that Williams had not willfully abandoned Colleen during the pregnancy, and the trial court adopted the magistrate's finding. After considering the matter carefully, the magistrate and the trial court ruled that Williams's consent to the adoption was necessary. Their decision was correct. (The trial court implicitly based its ruling on R.C. 3107.07(A) and (B). But section (A) has no application in this appeal because Williams's paternity had not been adjudicated when the Pottses' adoption action was filed. Section (A) deals with the parents of a minor, while section (B) concerns putative fathers. But under either section, the result is the same.)
 {¶ 7} Williams could not have done more. He offered support, and his offer was answered with the threat of a protective order against him. He was repeatedly reproached by Colleen for offering support and was told on multiple occasions that the child was not his. Yet Williams persevered, and his consent to the adoption was required. We affirm the trial court's judgment.
Judgment affirmed.
 HILDEBRANDT, P.J., and DINKELACKER, J., concur.
[1] In re adoption of Suvak, 3rd Dist. No. 1-03-51, 2004-Ohio-536; In re adoption of Klonowski (1993), 87 Ohio App.3d 352,622 N.E.2d, 376. *Page 1